United States District Court
Southern District of Texas

**ENTERED**

May 08, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| GHASSAN A. S.[1], | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-427 |
| | § | |
| WARDEN, PORT ISABEL | § | |
| DETENTION CENTER, *et al.*, | § | |
| Respondents. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Ghassan A. S.'s "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241." Dkt. No. 1. For the reasons offered in the Court's order denying Petitioner's Emergency Motion for Temporary Restraining Order, Dkt. No. 5, the Court recommends the Court DENY the Petition (Dkt. No. 1).

Petitioner is a native and citizen of Iraq, currently detained by Immigration and Customs Enforcement at the Port Isabel Deten Center in Cameron County, Texas. Dkt. No. 1 at 4. He alleges he has been detained for nearly eight months. Dkt. No. 1 at 5. Petitioner alleges that he was lawfully admitted to the United States as a refugee in 2014. Dkt. No. 1 at 5. He states that he is still involved in removal proceedings. Dkt. No. 1 at 5. Petitioner also states he suffers from many medical conditions. Dkt. No. 1 at 6.

Petitioner raises only two claims for relief. Dkt. No. 1 at 14-15. First, Petitioner claims his "prolonged detention violates substantive due process." Dkt. No. 1 at 14. Second, Petitioner claims the Court "should grant a stay of removal to protect Petitioner's constitutional rights." Dkt. No. 1 at 15.

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

Regarding Petitioner's first claim, Petitioner is detainable under 8 U.S.C. § 1225(b)(2), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), and, as pleaded, Petitioner's constitutional claim of a violation of substantive due process cannot succeed. Detention "during removal proceedings," even where such detention is without a bond hearing, is generally a "constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). As relevant here, "when the Government deals with deportable aliens, the Due Process Clause does not require [Congress] to employ the least burdensome means to accomplish its goal." *Demore*, 538 U.S. at 528.; *Kanda v. Cole*, No. 5:26-CV-158, 2026 WL 1014400, at *3 (S.D. Tex. Apr. 10, 2026). Therefore, Petitioner's Fifth Amendment Due Process Clause claim is precluded, at this juncture, by *Demore* because the Government may constitutionally detain him as a deportable alien during the limited period necessary for his removal proceedings. *Demore*, 538 U.S. at 523.

Petitioner also alleges in furtherance of the substantive due process claim that his continued detention has worsened severely his medical condition. While the Court is sympathetic to Petitioner's ailments, the allegations of mistreatment, though serious, cannot be brought as a habeas claim and should instead be offered in a civil rights action. *See, e.g., Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976); *Petgrave v. Aleman*, 529 F.Supp.3d 665, 679 (S.D. Tex. 2021).

Petitioner also seems to allege at least some of the Immigration Judge's decisions were wrong. *See* Dkt. No. 1 at 6-7 (stating that "[t]he underlying basis for the IJ's dangerousness finding is fundamentally flawed."). To the extent that Petitioner challenges the correctness of the Immigration Judge's rulings concerning whether Petitioner may be released on bond, the Court lacks jurisdiction to entertain this claim. *Nielsen v. Preap*, 586 U.S. 392, 401 (2019); *see Hernandez-Gabriel v. Tate*, No. CV H-25-5687, 2026 WL 161192, at *4 (S.D. Tex. Jan. 20, 2026) (slip copy) (Hittner, J.) (explaining that "district courts have no jurisdiction to review discretionary decisions made by an immigration judge regarding a bond.") (citing *Nielsen v. Preap*, 586 U.S. at 401)).

Regarding Petitioner's second claim, Petitioner does not articulate a viable claim to stay removal, so a stay of removal is not necessary to protect any of Petitioner's constitutional rights.

Accordingly, it is **RECOMMENDED** that the Court **DENY** Petitioner Ghassan Al S.'s "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (Dkt. No. 1).

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to this case. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on May 7, 2026.

_____
Karen Betancourt
United States Magistrate Judge

.